We are not at all satisfied with the findings of the referee upon the evidence before him.    The defendant had the burden of proving that the payments of premiums upon the policies were made from stolen moneys; and we do not think the evidence was such as to authorize the finding as to the first premiums on the two policies, and as to several others, that they were made from moneys embezzled and stolen from the defendant company.    Nor do we think the defendant company showed itself entitled to claim the benefit of any moneys used in the payment of premiums, which had been embezzled and stolen from the old firm.    We refrain, however, from discussing the facts or the evidence given on the first trial, because we do not desire in any way to interfere with a full and fair investigation of the facts upon the new trial which must be ordered before a new referee.    The new referee should, upon such evidence as is produced before him, determine, as to the various premiums paid upon these two policies, which ones were paid from moneys embezzled and stolen from the defendant, and which from moneys embezzled and stolen from the old company, and, as to the moneys of the old company, what right, if any, the defendant acquired therein.    These facts the new referee should determine without reference to, and without being influenced by, any determination made by the referee on the first trial.

We have only passed upon the questions of law involved in the case so far as applicable to the facts found by the referee.    We do not determine what the rights of the parties may be upon any new condition of the facts found by the new referee.

The judgment should be reversed, and a new trial ordered before a new referee, to be named in the order, with costs of this appeal to abide event.    All concur.

---

STURTZ v. FISCHER.

(Supreme Court, Appellate Division, First Department.  June 11, 1897.)

PREMATURE ACTION.

An action for goods sold and delivered was prematurely brought where it appeared that plaintiff had extended the time of payment by accepting defendant's notes, the face value of which aggregated the amount of his indebtedness, and none of which had matured at the time of the commencement of such action.

Appeal from trial term.

Action by Frederick Sturtz against Frederick S. Fischer.    From a judgment for damages and costs, entered on the verdict of a jury, in favor of plaintiff, defendant appeals.    Reversed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Leopold Leo, for appellant.
George S. Hastings, for respondent.

45 N.Y.S.—64

PARKER, J. This is an action for goods sold and delivered. As matter of defense, the defendant alleged in his answer, and proved upon the trial, that the plaintiff extended the time of payment of such indebtedness, and, to that end, accepted defendant's several notes, the face value of which aggregated the amount of defendant's indebtedness; and that not one of such notes had matured at the time of the commencement of this action. The action was therefore prematurely brought. Martens-Turner Co. v. Mackintosh, 45 N. Y. Supp. 275, handed down May 7th.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.